Filed 6/23/22  P. v. Carlson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

|  |  |
|---|---|
| THE PEOPLE, | C095443 |
| Plaintiff and Respondent, | (Super. Ct. No. 20-CR-29445) |
| v. | |
| DAVID AXEL CARLSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant David Axel Carlson has filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error in defendant's favor, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In February 2020, defendant entered his ex-girlfriend's home, found her in bed with a man, and hit that man on the head with a baseball bat several times. The baseball bat also struck defendant's ex-girlfriend's hand when she tried to block defendant's blows. When two other adults in the home tried to make defendant leave, he pointed a handgun at them at threatened to kill at least one of them. Defendant also broke multiple windows of a car parked outside the home that belonged to the man in bed with his ex-girlfriend.

An information alleged defendant committed 10 offenses, including first degree burglary (Pen. Code, § 459)[1]; two counts of assault with a deadly weapon (§ 245, subd. (a)(1)), with the accompanying allegation of personal infliction of great bodily injury (GBI) (§ 12022.7, subd. (a)) as to one of those counts; two counts of assault with a semiautomatic firearm (§ 245, subd. (b)); vandalism causing over $400 in damage to the personal property of another (§ 594, subd. (b)(1)); willful infliction of corporal injury upon a someone with whom the offender had a previous dating relationship (§ 273.5, subd. (a)); and two counts of making criminal threats (§ 422, subd. (a)).

In September 2021, and pursuant to a negotiated agreement that included a stipulated sentence of 10 years eight months in state prison and dismissal of the other charges, defendant pleaded no contest to assault with a deadly weapon (and admitted the accompanying GBI allegation); three counts of assault with force likely to produce GBI[2]; and vandalism over $400.

On October 15, 2021, the trial court imposed the stipulated sentence of 10 years eight months, consisting of the upper term of four years for the assault with a deadly

---

[1] Undesignated statutory references are to the Penal Code.

[2] Three of the assault counts in the original information were amended at the plea hearing to assault with force likely to produce GBI. (§ 245, subd. (a)(4).)

weapon offense, plus a consecutive three-year term for the GBI enhancement to that offense; consecutive one-year terms (one-third the middle term) for each of the three GBI assault offenses; and (3) a consecutive eight-month term for the vandalism offense. The trial court awarded 468 days of actual custody credits and 70 days of conduct credits, and imposed various fines, fees, and assessments.

Defendant filed a notice of appeal on December 16, 2021.[3] The case was fully briefed and assigned to this panel on April 14, 2022.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Our review of the record pursuant to *Wende* has disclosed no arguable errors in defendant's favor.

---

[3] California Rules of Court, rule 8.308(a) provides that a notice of appeal in a criminal case "must be filed within 60 days after the rendition of the judgment or the making of the order being appealed." Judgment is rendered "when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) The notice of appeal was stamped filed on December 16, 2021, more than 60 days after the trial court orally pronounced the sentence on October 15, 2021. However, a stamped date of December 13, 2021, is reflected on the envelope that defendant used to mail his notice of appeal to the trial court clerk. Accordingly, in light of the "prison delivery rule," the notice of appeal was constructively filed within 60 days of judgment. (See *In re Lambirth* (2016) 5 Cal.App.5th 915, 923.) Appellate counsel does not address any potential issues with timing in the *Wende* brief, and indeed states the date of the notice of appeal's filing as one day earlier.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Renner, J.

4